**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **No. 21-CR-561 (RJL)** |
| | : | |
| | : | |
| **MILIQUE N. WILSON** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT**
**OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that defendant Milique N. Wilson (hereinafter "the Defendant" or "WILSON") be detained pending trial pursuant to 18 U.S.C. §3142(f)(1)(E) and 18 U.S.C. §3142(d)(1)(A)(iii). The government respectfully requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural History

On August 28, 2021, the defendant was charged by Complaint in D.C. Superior Court Case No, 2021-CF2-004914 with one count of Unlawful Possession of a Firearm (Prior Conviction) in violation of 22 D.C. Code § 4503(a)(1). A Superior Court Judge ordered WILSON be detained pending trial pursuant to 23 D.C. Code § 1322(b) on August 28, 2021.

On September 7, 2021, the defendant was Indicted by a Grand Jury sitting in the District

Court for the District of Columbia with one count of Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1), and one count of Unlawful Possession of a Firearm (Prior Conviction) in violation of 22 D.C. Code § 4503(a)(1). *See* 21-cr-561.

At the detention hearing, the government intends to supplement the instant detention memorandum with argument to support the defendant's detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency (PSA) report.

## II.    Legal Authority and Argument

The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). For a detention decision based upon risk of flight, the government only need prove by a preponderance of the evidence that there are no conditions or combinations of conditions that will assure the defendant's appearance as required. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). Furthermore, at a detention hearing, the government may present evidence by way of a proffer. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C.§ 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination

of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### III.   Nature and Circumstances of the Offenses Charged

At approximately 1020 hours, on August 27, 2021, officers of the Metropolitan Police Department (MPD) were flagged down at 1401 Maryland Ave. NE, by an individual (RP-1) who reported that another individual, later identified by MPD as Milique WILSON, had exited a greenish-blue colored Dodge Caravan bearing a D.C. registration "GK9543" and brandished a firearm near the corner of 15th St and Independence Ave SE.

MPD Officers located the vehicle matching the above-mentioned description and stopped the vehicle in the drive-thru of the Chick-Fil-A, 1401 Maryland Ave. NE, Washington D.C. When MPD made contact with the driver, the defendant, they asked whether there was a firearm in the vehicle; the defendant replied that there was a firearm in the vehicle and a firearm was recovered from the defendant's waistband. The defendant also indicated that he did not have a license for the firearm and carried it for protection.

The defendant was in possession of an unserialized 9mm firearm, magazine, and seventeen (17) total rounds of ammunition.   In total, nine (9) rounds of WIN 9mm Luger ammunition, five (5) rounds of SIG 9mm Luger ammunition, and three (3) rounds of HORNADY 9mm Luger, were recovered by the District of Columbia Department of Forensic Sciences (DFS).

As discussed further below, the defendant is currently on supervision in Maryland for case number CT110205X. In that case, he was convicted of a crime punishable by more than one year of imprisonment and was therefore prohibited from possessing a firearm or ammunition.

Furthermore, earlier this Summer, in July, while in possession of a firearm, the defendant was involved in an altercation which resulted in the shooting death of an individual. To be clear,

the defendant has NOT been charged in that event and the U.S. Attorney's Office has declined homicide charges at this time. However, the fact remains that the defendant has recently possessed multiple firearms—including an unserialized or "ghost" gun—while legally prohibited from doing so and while on supervision for a case involving firearms. The continued possession of firearms shows that the defendant will continue to possess firearms and will not abide by any conditions of release on which the Court may impose. As such, the nature and circumstances of the alleged offenses weigh heavily in favor of detention.

### IV.    Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. As stated above, a firearm was recovered from the defendant's waistband shortly after RP-1 reported seeing it there. In addition, the defendant admitted on scene that he was carrying the firearm and that the firearm was being carried for his protection.

### V.    Defendant's History and Characteristics

The defendant's history and characteristics also favor pretrial detention in this case. The defendant has repeatedly possessed firearms—all while on release—in a case involving firearms.

Critically, he is currently on supervision in Prince George's County, MD, for an Assault (1st Degree) and Use of a Handgun/Crime of Violence in case number CT110205X. As noted by PSA, the defendant is non-compliant due to the instant case and the allegation of threats in May 2021 lodged against the defendant.

In short, at the age of thirty-six, the defendant has two previous convictions, multiple prior arrests, and two prior bench warrants. Notably, the defendant's criminal record indicates that his crimes are increasing in severity, violence, and frequency. After receiving a sentence of

approximately 6 months for a 2004 robbery (18 of 24 months suspended), in 2011, the defendant was convicted of a violence offense involving a firearm. After being sentenced to 15 years confinement (6 years suspended), the defendant has now engaged in several additional crimes involving firearms. Indeed, in this summer alone, while (or shortly thereafter) being investigated for a homicide involving a firearm, the defendant possessed another ghost gun, which he brandished at another driver on a Saturday morning with the defendant's family in the car.

## VI.    Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the Defendant's release, unquestionably weighs in favor of detention. The escalation this summer alone from alleged threats in May 2021, to the possession and use of a firearm in July 2021, to an arrest with a "ghost" gun in August 2021, show the defendant has demonstrated an absolute and blatant disregard for the conditions of his supervision and is a danger to the community.

His willingness to engage in continued criminal conduct involving firearms shows his dangerousness to the community [1] Further, the continued disregard for his conditions of supervision severely limits any options for conditions that would protect the safety of the

---

[1] Judges in this District have repeatedly held that unlawfully carrying a concealed or loaded firearm in public constitutes a danger to the community. *See, e.g,* Judge Lamberth's recent decision in *U.S. v Gassaway*, 21-cr-550, at ECF No. 9 (citing *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 4d 138, 144 (D.D.C. 2020) ("[T]he possession of a firearm, especially while seemingly on a drug such as PCP, presents a serious danger to the community."); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community.")).

community. In sum, the defendant's continued possession of firearms while on release show that there are no conditions or combination of conditions short of pre-trial detention that would protect the safety of the community.

### VII.   Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By:  _____/s/_____
RACHEL A. FLETCHER
DAVID T. HENEK
Assistant United States Attorneys
TX Bar No. 24078505
NY Bar No 519111
555 4th Street, N.W
Washington, D.C.  20530
Fletcher: (202) 252-7093
Henek: (202) 252-7825
Rachel.Fletcher@usdoj.gov
David.t.henek@usdoj.gov